**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

_____

No. 98-50383

_____


IN THE MATTER OF:

BOERNE HILLS LEASING CORPORATION,

Debtor.


COUNTY OF KENDALL; BOERNE INDEPENDENT SCHOOL DISTRICT;
and CITY OF BOERNE,

Appellants,

v.

CHRYSLER CREDIT CORPORATION,

Appellee.

_____

Appeal from the United States District Court
for the Western District of Texas
(SA-97-CV-823)

_____

April 27, 1999

Before REAVLEY, POLITZ, and SMITH, Circuit Judges.

PER CURIAM:[*]


This case concerns a dispute over certain tax liens held by
the appealing taxing units on the property of a bankrupt estate,

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion
should not be published and is not precedent except under the limited
circumstances set forth in 5TH CIR. R. 47.5.4.

Boerne Leasing Corporation. The bankruptcy court awarded the entirety of proceeds from the sale of the estate to appellee Chrysler Credit Corporation ("CCC"); the taxing units argued that they were entitled to a portion of the proceeds in satisfaction of their liens. When the matter came before us, we held that "the taxing units are entitled to distribution of the proceeds of sale of the debtor's inventory in satisfaction of their secured claims." *City of Boerne v. Boerne Hills Leasing Corp. (In re Boerne Hills Leasing Corp.)*, 15 F.3d 57, 59 (5th Cir. 1994). Accordingly, we reversed the district court's affirmance of the bankruptcy court's decision and remanded "for administration consistent with this opinion." *Id.*

The bankruptcy court's determination on remand that CCC need not refund the value of the tax liens does not constitute "administration consistent with" our opinion. We therefore reverse and remand again and direct the bankruptcy court to grant the refund of erroneously distributed proceeds.

REVERSED and REMANDED.